Filed 11/30/21  P. v. Johnston CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

<table>
<tr><td>THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>TYLER RICHARD JOHNSTON,<br><br>     Defendant and Appellant.</td><td>A161748<br><br>(Alameda County<br>Super. Ct. No.<br>H58431)</td></tr>
</table>

Defendant Tyler Richard Johnston appeals from an order denying his petition for resentencing under Proposition 47.   (Pen. Code, § 1170.18, subd. (a).)[1]  The trial court summarily denied defendant's petition.  Defendant's appellate counsel has raised no issues and asks this court for an independent review of the record to determine whether there are any issues that would, if resolved favorably to defendant, result in reversal of the order.  (*People v. Kelly* (2006) 40 Cal.4th 106; *People v. Wende* (1979) 25 Cal.3d 436.) Defendant has been informed of his right to file supplemental briefing, and he has not done so.  After our independent review of the record, we find no issues requiring further briefing, and we affirm.

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

In February 2015, in a robbery gone wrong, defendant Tyler Johnston backed a U-Haul truck up over his cohort, victim Martin Thornton, killing him. The Alameda County District Attorney filed an information alleging one count of murder (§ 187, subd. (a)), as well as 10 prior convictions and five prior prison terms.

In April 2016, the defendant pleaded no contest to voluntary manslaughter (§ 192, subd. (a))—a stipulated lesser offense of the murder count in the information—and admitted the third, fifth, seventh and eighth prior convictions as true.[3] Two months later, the trial court sentenced defendant to an aggregate term of 15 years, comprised of an 11-year principal term and four consecutive, one-year enhancements for each of the prior conviction enhancements. Defendant did not appeal his conviction, and it became final in August 2016.

In February 2017, in case Nos. H21294 and H12756, the trial court granted defendant's petition to reduce two of defendant's prior convictions to misdemeanors pursuant to section 1170.18, subdivision (f) (Proposition 47).[4]

---

[2] We take judicial notice of the record in *People v. Johnston*, case No. A162030. (Evid. Code, §§ 452, 459.)

[3] Prior No. 3 is for a 2004 violation of Vehicle Code section 10851, subdivision (a)—unlawful driving or taking of a vehicle; prior No. 5 is for a 1998 violation of section 4530, subdivision (c)—failure to return while involved in a release program; and prior No. 7 is for a 1995 violation of section 496, subdivision (a)—receiving stolen property. Prior Nos. 3, 5, and 7 correspond with case No. H21294. Prior No. 8 is for a 1989 violation of section 459—second degree burglary—in case No. H12756.

[4] On November 4, 2014, California voters enacted Proposition 47, the Safe Neighborhoods and Schools Act, which went into effect the following day. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.)

These two prior convictions served as the basis for two of defendant's enhancements—priors 7 and 8—in the instant case (case No. H58341).

Four months later, in case No. H58341, defendant filed a petition for resentencing under section 1170.18, subdivision (a). The court denied the petition. Four months after the court denied the petition, defendant attempted to appeal that ruling, and the county clerk notified this court the appeal was untimely. (See *People v. Johnston* (A152862) [untimely].) Defendant tried to challenge that ruling again by way of a second appeal in March 2018, which this court dismissed as untimely. (*People v. Johnston* (Apr. 25, 2018, A154015).)

In September 2019, in case No. H58341, defendant filed a petition for resentencing under section 1170.95 (Sen. Bill No. 1437 (2017–2018 Reg. Sess.)). The court denied this petition on the ground section 1170.95 is inapplicable to manslaughter convictions. A week after the court denied this petition, defendant filed a second petition for resentencing, again under Senate Bill No. 1437 (2017-2018 Reg. Sess.). The trial court denied this petition for the same reason as the first. Defendant appealed. This court affirmed in July 2020. (*People v. Johnston* (Jul. 29, 2020, A158870) [nonpub. opn.].)

In October 2020, defendant filed another petition for resentencing in case No. H58341, pursuant to section 1170.18, subdivision (a). In response to the question, "defendant in the above-entitled criminal action, was convicted of the following felony offenses that have now been reclassified as misdemeanors," defendant wrote "192(a) and PC 667.5(b)(4)." He also wrote on the form, under the marked boxed "RESENTENCING," "striking 2 667.5b enhancements," and "the following enhancements have been reduced to

3

misdemeanors per PC 1170.18a CS#H12756 CS#21294." After a hearing, the court summarily denied the petition. The instant appeal is from that ruling.

After an independent review of the record, we find no arguable appellate issues.[5]

The order is AFFIRMED.

---

[5] Defendant also filed a petition for writ of habeas corpus seeking the same relief (No. A162905), which we deny in a separate order filed concurrently with the instant opinion.

_____

Banke, J.

We concur:

_____

Humes, P.J.

_____

Sanchez, J.

A161748/A162133, *People v. Johnston*